IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DIEM LLC; | § | Civil Action No. 6:17-cv-00186 |
| Plaintiff, | § | |
| | § | |
| v. | § | PATENT CASE |
| | § | |
| BIGCOMMERCE, INC.; | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

**DIEM LLC'S RESPONSE IN OPPOSITION TO BIGCOMMERCE, INC.'S MOTION TO DISMISS DIEM LLC'S FIRST AMENDED COMPLAINT**

Simply put, BigCommerce's Motion to Dismiss for improper venue under FRCP 12(b)(3) is untimely as BigCommerce has waived its objection and is procedurally barred from raising it at this stage. The Federal Rules for Civil Procedure state that a party cannot file a second motion under Rule 12 raising a defense or objection that was available to them when filing its first Rule 12 motion and that the party subsequently waives any defense listed in Rule 12(b)(2) - (5) by omitting it from the initial Rule 12 motion. *See* Fed. R. Civ. P. 12(g)(2) and 12(h)(1)(A).

On April 13, 2017, BigCommerce filed a Motion to Dismiss under Rule 12(b)(6) for failure to state a claim for relief which did not include any objection or defense based on improper venue. *See generally* BigCommerce Mot. to Dismiss, ECF No. 7. The defense of improper venue was available to BigCommerce at the time of filing its Rule 12(b)(6) motion because Diem LLC's initial complaint pleaded venue under 35 U.S.C. §§ 1391(c) and 1400(b). Initial Compl. at 2, ECF No. 1. Diem LLC filed its amended complaint on May 26, 2017, and raised no new grounds for venue; instead, Diem LLC's amended complaint ***narrowed*** the grounds for venue by dropping 35 U.S.C. § 1391(c) and pleading venue solely based on 35

1

U.S.C. § 1400(b). First Am. Compl. at 2, ECF No. 13. BigCommerce could have objected to venue based on 35 U.S.C. § 1400(b) when it filed its initial Rule 12 motion but chose not to. The mere fact that Diem LLC filed an amended complaint does not clean the slate and allow BigCommerce to file additional Rule 12 motions. *See Gordillo v. Gulf Coast Marine & Associates, Inc.*, No. 9-09-cv-164 (TJW), 2010 WL 4721058, at *3 (E.D. Tex. Nov. 15, 2010) ("Plaintiffs' amended complaint does not revive [Defendant's] ability to raise a personal jurisdiction challenge under Rule 12(b)(2)."); *see also Gilmore v. Shearson/American Express, Inc.*, 811 F.2d 108, 112 (2d Cir. 1987) ("…the Rule 12 defenses of lack of personal jurisdiction, improper venue, insufficiency of process and insufficiency of service, if waived by defendant's failure to raise those objections in response to the original complaint, may not be resurrected merely because a plaintiff has amended the complaint.").

As a result, BigCommerce is barred from filing the instant motion raising the defense of improper venue under FRCP 12(b)(3) as that defense has been waived. For the forgoing reasons, Diem LLC respectfully requests that BigCommerce's Motion to Dismiss Diem LLC's First Amended Complaint be denied.

Dated: June 14, 2017                                        Respectfully submitted,

*/s/ Brett Rismiller*_____
Brett Rismiller
CA State Bar No. 295634
*Admitted Pro Hac Vice*
**HUSKY FINCH**
5640 B Telegraph Rd., Suite 209
St. Louis, MO 63129
Tel: (314) 329-7796
Email: brett.rismiller@huskyfinch.com

Kirby Drake
Texas State Bar No. 24036502
**KLEMCHUK LLP**
Campbell Centre II
8150 North Central Expressway, Fl. 10
Dallas, TX 75206
Tel: (214) 367-6000
Email: kirby.drake@klemchuk.com

**ATTORNEYS FOR THE PLAINTIFF**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on June 14, 2017, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).

*/s/ Brett Rismiller*_____
Brett Rismiller