IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| DIEM LLC; <br><br> Plaintiff, <br><br> v. <br><br> BIGCOMMERCE, INC.; <br><br> Defendant. | Civil Action No. 6:17-cv-00186 <br><br> **JURY TRIAL DEMANDED** |

**BIGCOMMERCE, INC.'S OBJECTIONS TO ORDER DENYING
MOTION TO DISMISS FIRST AMENDED COMPLAINT**

BigCommerce, Inc. ("BigCommerce") respectfully objects, pursuant to 28 U.S.C. § 636(b), to the Report and Recommendation of the United States Magistrate Judge finding that BigCommerce waived its venue defense. [Dkt. No. 21].

Plaintiff filed its original complaint for patent infringement against BigCommerce on March 27, 2017. [Dkt. No. 1]. Instead of answering the complaint, BigCommerce filed a Rule 12(b)(6) motion for failure to state a claim for relief [Dkt. No. 7], and the Court subsequently ordered Plaintiff to file an amended complaint within fourteen days. [Dkt. No. 12]. Plaintiff filed an amended complaint on May 26, 2017 [Dkt. No. 13], which was three days after the Supreme Court issued its decision in *TC Heartland LLC v. Kraft Foods Grp. Brands, LLC*. Therefore, instead of answering the amended complaint, BigCommerce filed its motion to dismiss for improper venue [Dkt. No. 14]. The Court, however, recommended denying the motion (the, "Report") stating that BigCommerce had waived its venue defense. [Dkt. No. 21].

The Court can modify or set aside any part of the Report that is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The Report clearly erred and was contrary to the law in ruling that BigCommerce waived its venue defense. The Second Circuit, in rejecting the waiver

argument, explained that a defendant is not required to predict in advance how the Supreme Court may rule in a case:

> [A] party cannot be deemed to have waived objections or defenses which were not known to be available at the time when they could first have been made, especially when it does raise the objections as soon as their cognizability is made apparent.

*Holzsager v. Valley Hosp.*, 646 F.2d 792, 796 (2d Cir. 1981). When the Supreme Court abrogates applicable circuit court precedent that bars the basis for the party's defense (even if the circuit precedent contravenes earlier Supreme Court precedent), waiver does not apply. *Brown v. M & M/Mars*, 883 F.2d 505, 512-13 (7th Cir. 1989) (finding no waiver when a later Supreme Court opinion overruled and corrected the Seventh Circuit for erroneously interpreting earlier Supreme Court precedent); *Strauss v. Crédit Lyonnais, S.A.*, 175 F. Supp. 3d 3, 13-14 (E.D.N.Y. 2016).

The Federal Circuit's decision in *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (Fed. Cir. 1990) was the controlling law on venue for patent cases for nearly thirty years and the Supreme Court recognized that *VE Holding* was effectively the law. *TC Heartland*, No. 16-341, Oral Arg. Tr. 11:23-25 (Mar. 27, 2017) (stating, from Justice Kagan, that "for 30 years the Federal Circuit has been ignoring our decision and *the law has effectively been otherwise*") (emphasis added). And courts in this District have acknowledged that a motion for improper venue "might have been viewed as meritless in a lower court." *Elbit Sys. Land & C4I, Ltd. v. Hughes Network Sys., LLC*, No. 2:15-CV-37-RWS-RSP, Dkt. 388 at 40 (E.D. Tex. July 18, 2017). Therefore, this venue objection was "not known to be available" to parties, including in this District, until the Supreme Court's *TC Heartland* decision, regardless of the fact that *TC Heartland* reaffirmed its earlier decision in *Fourco Glass Co. v. Transmirra Products Corp.*, 353

U.S. 222 (1957).[1] *See Brown*, 883 F.2d at 512-13. The decision in *Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, No. 2:15-cv-21, 2017 WL 2556679, at *3-4 (E.D. Va. June 7, 2017), *mandamus denied*, *In Re Sea Ray Boats, Inc.*, No. 2017-124, slip op. at 2 (Fed. Cir. June 9, 2017) (nonprecedential)[2] lacks any discussion of the Seventh Circuit ruling in *Brown*, which is germane to this waiver issue. Rule 12 does not require parties to prophesize that objections contrary to binding circuit law, and that had been deemed meritless or frivolous, are currently "available." *See Glater v. Eli Lilly & Co.*, 712 F.2d 735, 738 (1st Cir. 1983) (finding that parties "[were] not, and could not have been expected to have been, aware" of the availability of such a defense). The Report's holding requiring such prophesy is clearly inconsistent with the doctrine of waiver. *Holzsager*, 646 F.2d at 796 ("The clairvoyance demanded by plaintiff here of the Hospital is inconsistent with the doctrine of waiver.").

---

[1] *See, e.g., MyMail, Ltd. v. ooVoo, LLC*, No. 2:16-CV-01281-JRG-RSP, Dkt. 25, R. & R. (E.D. Tex. Feb. 13, 2017) (finding party's motion arguing *VE Holding* and *TC Heartland* (Fed. Cir.) to be "without merit and should be denied"); *DE Techs., Inc. v. E4X Inc.*, No. 2:10-CV-139-TJW, 2011 WL 1113486, at *2 (E.D. Tex. Mar. 24, 2011) (finding argument that venue is improper "without merit."); *see also In re TC Heartland LLC*, 821 F.3d 1338, 1342-43 (Fed. Cir. 2016) (finding argument that in 2011 Congress codified the common law regarding venue in patent suits as described in *Fourco* "to be utterly without merit or logic"), *overruled by TC Heartland*, No. 16-341, slip op. (May 22, 2017); *Trintec Indus., Inc. v. Pedre Promotional Prod.*, Inc., 395 F.3d 1275, 1280 (Fed. Cir. 2005) (noting that "the venue point is a non-issue" as venue "exists wherever there is personal jurisdiction"); *IDQ Operating, Inc. v. Aerospace Commc'ns Holdings Co.*, No. 6:15-CV-781, 2016 WL 5349488, at *3 (E.D. Tex. June 10, 2016) (applying VE Holding), *R. & R. adopted sub nom., Armor All/STP Prods. Co. v. Aerospace Commc'ns Holdings Co.*, No. 6:15CV781, 2016 WL 5338715, at *1 (E.D. Tex. Sept. 23, 2016); *Loyalty Conversion Sys. Corp. v. Am. Airlines, Inc.*, 66 F. Supp. 3d 813, 817 (E.D. Tex. 2014) (Bryson, J.) (same); *ATEN Int'l Co. v. Emine Tech. Co.*, 261 F.R.D. 112, 121 (E.D. Tex. 2009) (same).

[2] Neither the lower court's decision nor the Federal Circuit's nonprecedential denial of mandamus in *Cobalt Boats* binds this Court. *See* Fed. Cir. R. 32.1; *LG Elecs. MobileComm U.S.A., Inc. v. Int'l Trade Comm'n*, 243 F.App'x 598, 601-02 (Fed. Cir. 2007) (nonprecedential).

Dated: July 21, 2017  Respectfully submitted,

 */s/ Bobby Lamb*
Amit Agarwal
California State Bar # 294269
14420 Edinburgh Moor Dr.
Wimauma, FL 33598
Telephone:  (310) 351-6596
Email: ama7386@gmail.com

Bobby Lamb
State Bar No. 24080997
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257
Email: wrlamb@gillamsmithlaw.com

*Attorneys for Defendant*
*BigCommerce, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 21, 2017, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).

>	*/s/ Bobby Lamb*
>	Bobby Lamb