IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DIEM LLC, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 6:17-CV-00186 |
| | § | |
| v. | § | |
| | § | |
| BIGCOMMERCE, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. The Report and Recommendation of the Magistrate Judge (Dkt. No. 21), denying Defendant BigCommerce, Inc.'s ("BigCommerce" or "Defendant") Motion to Dismiss (Dkt. No. 14), is now before this Court. Defendant has filed objections to the Report and Recommendation (Dkt. No. 22). The Court reviews the Magistrate Judge's conclusions *de novo*. Fed. R. Civ. P. 72(b); *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 762 (5th Cir. 2016) ("[R]ulings by a magistrate judge on dispositive matters—motions to dismiss and for entry of summary judgment being the common examples—are mere recommendations subject to de novo review when properly challenged by the losing party.").

**I.   Background**

On May 31, 2017, Defendant BigCommerce filed a Motion to Dismiss arguing that venue is not proper in the Eastern District of Texas under 28 U.S.C. § 1400(b) (2012). (Dkt. No. 14.) Although it is undisputed that Defendant is a domestic corporation incorporated in the State of Texas, Defendant contends that "[i]t lacks any place of business in EDTX" and, accordingly, venue

is not proper here. (Dkt. No. 14 at 1.) In its response, Plaintiff argues that Defendant waived this argument by failing to raise it in Defendant's initial Motion to Dismiss. (Dkt. No. 16 at 1 ("On April 13, 2017, BigCommerce filed a Motion to Dismiss under Rule 12(b)(6) for failure to state a claim for relief which did not include any objection or defense based on improper venue.").)

After considering the Parties' arguments, Magistrate Judge Love ultimately concluded that Defendant waived its underlying venue argument by failing to raise an objection to venue when it filed its initial Motion to Dismiss. (Dkt. No. 21 at 2.)

## II. Discussion

### a. Waiver of Defendant's Arguments as to Venue

There is ample authority that a defendant waives its objection to venue by filing a motion under Rule 12(b) without also objecting to venue. *See, e.g., Elbit Sys. Land & C41 Ltd. v. Hughes Network Sys., LLC*, No. 2:15-cv-37-RWS-RSP, 2017 WL 2651618, at *19–20 (E.D. Tex. June 20, 2017). Defendant does not object to the Magistrate Judge's conclusion in this respect. Instead, Defendant argues that its waiver is excused because *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017) was an intervening change in the law and any argument as to venue being improper under 28 U.S.C. 1400(b) was previously "not known to be available." (Dkt. No. 23 at 2–3.) Magistrate Judge Love rejected this argument. (Dkt. No. 21 at 3.) The Court agrees that *TC Heartland* was not an intervening change in law. *See Navico, Inc. v. Garmin Int'l, Inc.*, No. 2:16-cv-190-JRG-RSP, 2017 WL 2957882, at *2 (E.D. Tex. July 11, 2017) ("[T]he Supreme Court itself expressly rejected the notion that venue law in patent cases changed after *Fourco*."); *Koninklijke Philips NV et al v. ASUSTek Comput. Inc. et al*, No. CV 15-1125-GMS, 2017 WL 3055517, at *4 (D. Del. July 19, 2017) (collecting cases and acknowledging "a growing consensus [among district courts] that *TC Heartland* did not effect an intervening change in the law");

*Skyhawke Technologies, LLC v Deca International Corp.*, No. 3:10CV708TSL-RHW, 2017 WL 3132066, at *2 (S.D. Miss. July 21, 2017) ("By far, the majority of courts that have considered this same argument have rejected it, finding that *TC Heartland* was not an intervening change in the law . . . .").

### b. **Defendant's Arguments as to Venue**

The Court is further persuaded that even if Defendant did not waive its venue arguments, venue is still proper in the Eastern District of Texas. Under § 1400(b), the exclusive provision governing venue in patent cases, venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Defendant argues that it does not "reside[]" in the Eastern District of Texas because it has no business presence in the Eastern District. (Dkt. No. 14 at 1.) However, there is no dispute that Defendant is incorporated in the State of Texas. (*Id.*) Under *TC Heartland*, therefore, venue is proper in the Eastern District of Texas because Defendant resides in Texas. *TC Heartland*, 137 S. Ct. at 1517 ("[A] domestic corporation resides . . . in its **State** of incorporation for purposes of the patent venue statute." (emphasis added and internal quotation marks omitted).). This Court holds that a domestic corporation resides in the state of its incorporation and if that state contains more than one judicial district, the corporate defendant resides in each such judicial district for venue purposes.

Defendant's reliance on *Stonite Products Co. v. Melvyn Lloyd Co.*, 315 U.S. 561 (1942) is misplaced. (Dkt. No. 14 ("BigCommerce is today's Stonite . . . venue is therefore improper.").) This issue was not before the Court in *Stonite*. There, the district court only discussed the extent to which the defendant had a regular and established place of business in the Western District of Pennsylvania. *See Melvin Lloyd Co. v. Stonite Prod. Co.*, 36 F. Supp. 29, 29 (W.D. Pa. 1940)

("[V]enue in patent suits may be laid only in a district where the acts of infringement occurred, and where the infringer has a regular and established place of business."), *rev'd*, 119 F.2d 883 (3d Cir. 1941), *rev'd*, 315 U.S. 561 (1942); *Melvin Lloyd Co. v. Stonite Prod. Co.*, 119 F.2d 883, 884 (3d Cir. 1941) ("The district court granted the motion . . . as to Stonite for the reason that the venue as to it was not laid in the district where acts of infringement are alleged to have occurred and where Stonite has a regular and established place of business."), *rev'd*, 315 U.S. 561. Indeed, the Supreme Court noted in the first sentence of its opinion in *Stonite* that "[t]he **only** question presented . . . is whether Section 48 of the Judicial Code . . . is the sole provision governing the venue of patent infringement litigation." *Stonite*, 315 U.S. at 561 (emphasis added). It is this holding that was reaffirmed in *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222 (1957) and *TC Heartland*.[1]

Defendant also relies on *Action Communication Systems, Inc. v. Datapoint Corp.*, 426 F.Supp. 973 (N.D. Tex. 1977), which concluded that under § 1400(b) a defendant resides "only in the judicial district where its principal place of business is located." 426 F. Supp. 974–75. Defendant also argues that numerous other cases reaching a different result are "suspect" because they fail to address *Stonite*. However, *Action Communications* itself only provides a cursory review of *Stonite*, *id.* at 974 at n.1, and many courts have since rejected *Action Communications*. *See, e.g., B.W.B. Controls, Inc. v. C.S.E. Automation Eng'g & Servs., Inc.*, 587 F. Supp. 1027, 1028–29 (W.D. La. 1984) ("The *Action Communication Systems* opinion is well reasoned, but the Court nonetheless does not find its logic compelling."). *See also Byrnes v. Jetnet Corp.*, No. CV

---

[1] The Court in *Fourco* explained that "[t]he question [in *Stonite*] . . . was whether the venue statute applying specifically to patent infringement litigation . . . was the sole provision governing venue in those cases." 353 U.S. at 224. *See also TC Heartland*, 137 S. Ct. at 1518 ("This Court [in *Stonite*] rejected the plaintiff's venue choice on the ground that the patent venue statute constituted the exclusive provision controlling venue in patent infringement proceedings . . . ." (internal quotation marks omitted).)

84-0-661, 1986 WL 15148, at *1 (D. Neb. June 2, 1986) (citing *B.W.B. Controls*); *Steelcase, Inc. v. Smart Techs., Inc.*, 336 F. Supp. 2d 714, 719 (W.D. Mich. 2004) (citing *Byrnes*).

Having reviewed the text of § 1400(b), the Court is not persuaded that "resides" in this context refers to anything more than a defendant's state of incorporation.[2] That conclusion has now been emphasized twice by the Supreme Court. *Fourco*, 353 U.S. at 226 (concluding that "'inhabitant' and 'resident,' as respects venue [in patent cases] . . . and, in respect of corporations, mean the state of incorporation only."); *TC Heartland*, 137 S. Ct. at 1517 ("We therefore hold that a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute."). This Court therefore sees no basis to impose an additional requirement, neither present in the statute nor discussed by the Supreme Court in *TC Heartland*, absent a clear directive to do so. *B.W.B. Controls*, 587 F. Supp. at 1029.

This Court also notes that BigCommerce was granted a corporate charter by the State of Texas rather than by a particular subdivision or judicial district thereof. It exists under Texas law throughout the State of Texas, not only in specific locations where it has a primary place of

---

[2] Section 1400(b) derives from an older venue statute that defined venue based on where a defendant was an "inhabitant." In *Fourco*, Supreme Court held that the word "resident," as used in § 1400(b), was "synonymous" with the word "inhabitant." 353 U.S. at 226. However, the definition of "resident" established in *Fourco* and reaffirmed in *TC Heartland* is in tension with the definition of "inhabitant" that the Supreme Court applied in pre-*Fourco* cases such as *Stonite*, *Shaw v. Quincy Mining Co.*, 145 U.S. 444 (1892), and *Galveston, H. & S.A. Ry. Co. v. Gonzales*, 151 U.S. 496 (1894). Under these earlier cases, inhabitance was not defined as a corporation's state of incorporation. Rather, the Supreme Court distinguished a corporation's inhabitance from a corporation's "citizenship." Citizenship was defined by the "state in which the corporation is domiciled" and "the place where it is located by or under the authority of its charter." *Shaw*, 145 U.S. at 451–52. Based on this distinction, the Supreme Court held, at least under the general venue statute in existence at that time, that if a defendant is incorporated in a state with multiple judicial districts, then it is "an inhabitant of that district [in its state of incorporation] in which its general offices are situated, and in which its general business, as distinguished from its local business, is done." *Galveston*, 151 U.S. at 504. However, the Supreme Court held in *TC Heartland*, based on *Fourco* and with reference to the patent venue statute only, that a domestic corporation resides in (and is therefore an inhabitant of) its *state* of incorporation. *TC Heartland*, 137 S. Ct. at 1517; *Fourco*, 353 U.S. at 226 (holding that the words "inhabitant" and "resident" mean "the state of incorporation only"). *TC Heartland* and *Fourco* reflect the Supreme Court's most recent interpretation of "residence" and, unlike *Galveston* and *Shaw*, these cases address venue under § 1400(b), which is the sole and exclusive provision governing patent cases. *See TC Heartland*, 137 S. Ct. at 1517 (rejecting the view that definitions in the patent venue statute should be supplemented with reference to the general venue statute). Accordingly, this Court follows the Supreme Court's recent guidance in *TC Heartland* and concludes that a corporation's "residence" is its "state of incorporation."

business or where it was engaged in commerce when it was incorporated. In fact, many corporations are chartered by the State *before they begin* business operations or without ever engaging in any operations in Texas at all. Under the logic asserted by BigCommerce, a sole proprietor operating in Waco, Texas who then incorporated would only be protected by the corporate shield in that existing location, and by extension he would have to seek another and separate grant of authority from the State if he later decided to open another location in Dallas where he desired the same protections. A Texas corporation is chartered by the State to pursue lawful commercial pursuits anywhere in Texas. It therefore resides in all the judicial districts of that state where it may pursue its commercial objectives.

### III. Conclusion

For the reasons discussed above, the Court finds that Defendant's objections are **OVERRULED**. The Report and Recommendation is hereby **ADOPTED** and Defendant's Motion to Dismiss (Dkt. No. 14) is accordingly **DENIED**.

**So ORDERED and SIGNED this 26th day of July, 2017.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE