# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| DIEM LLC; | § | Civil Action No. 6:17-cv-00186 |
| Plaintiff, | § | |
| | § | |
| v. | § | PATENT CASE |
| | § | |
| BIGCOMMERCE, INC.; | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

**DIEM LLC'S RESPONSE IN OPPOSITION TO BIGCOMMERCE, INC.'S MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(a)**

Plaintiff Diem LLC ("Diem") respectfully submits this opposition to BigCommerce, Inc.'s ("BigCommerce") motion to transfer venue from the Eastern District of Texas ("EDTX") to the Northern District of California ("NDCA") under 28 U.S.C. § 1404(a).[1]  For the reasons set forth below, the Motion should be denied.

## I. STATEMENT OF RELEVANT FACTS

At issue in this case is the alleged infringement of U.S. Patent No. 7,770,122 which covers software technology allowing lay computer users having no experience with computer code to design and host their own custom website on the Internet.  BigCommerce is a Texas-incorporated company with its headquarters in Austin, Texas and offers its web-based service throughout the U.S., allowing users to edit, save, and host custom websites dedicated to e-commerce transactions.  Diem is a Delaware limited liability corporation and filed the instant action in EDTX on March 27, 2017.  BigCommerce now moves to transfer the instant case to NDCA.

## II. LEGAL STANDARD

While it is within a district court's sound discretion to transfer venue, the court must evaluate the particular circumstances, and the party seeking transfer must show good cause, demonstrating that the transferee venue is "***clearly more convenient***." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*") (emphasis added). When deciding whether to transfer venue, a district court balances the private interests of the parties and the public interests in the fair and efficient administration of justice. *Langton v. Cbeyond Commc'n, L.L.C.*, 282 F. Supp. 2d 504, 509 (E.D. Tex. 2003); *see Volkswagen II*, 545 F.3d at 315.

---

[1] Diem will refer to BigCommerce's brief as "the Motion."

The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").

The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign laws. *Id*.

A plaintiff's choice of venue, while not a strict factor in the analysis, is nevertheless an important part of a defendant's burden to show good cause for transfer. *Volkswagen II*, 545 F.3d at 315 n.10. Indeed, the "burden on the movant is 'significant,' and for a transfer to be granted, the movant must show that the transferee venue is 'clearly more convenient than the venue chosen by the plaintiff." *AT&T Intell. Prop. I., L.P. v. Airbiquity Inc.*, No. 3:08-cv-1637-M, 2009 WL 774350, at *1 (N.D. Tex. Mar. 24, 2009) (quoting *Volkswagen II*, 545 F.3d at 315). As detailed below, Defendants have not met their burden of showing that the NDCA is "clearly more convenient" than the present District located in the same state in which BigCommerce is incorporated and headquartered.

### III. ARGUMENT

Upon evaluation, the public and private factors listed above do not favor transfer and BigCommerce has not met its burden of showing that the NDCA is clearly a more convenient forum than EDTX. As a threshold matter, Diem does not dispute that the present action could have been brought in the NDCA.

### A.      The Private Factors Do Not Favor Transfer
#### 1. *The relative ease of access to sources of proof.*

This private factor focuses on the location and access to physical sources of proof.  Order denying Mot. to Transfer at 2, *SLC LLC v. Apple, Inc., et al.*, No. 2:16-cv-0082-JRG, ECF No. 128 (E.D. Tex. Feb. 6, 2017) (citing *Volkswagen II* at 316).  BigCommerce seems to misunderstand the scope of this factor as its Motion focuses on the location of witnesses with no mention of the location of physical documents aside from noting that its source code is to be produced in San Francisco.  Mot. at 2-3.  This Court has held that merely stating the location of source code while failing to specifically identify relevant documents in the transferee venue that cannot be transported falls short of the burden required of the moving party.  Order denying Mot to Transfer at 6, *Intellectual Ventures II v. FedEx Corp. et al.*, No. 2:16-cv-00980-JRG, ECF No. 71 (E.D. Tex. Apr. 18, 2017).  In *Intellectual Ventures II*, the moving party argued that "the majority of relevant evidence relating to the accused technologies, including various documents, are located in [the transferee venue]" – a blanket statement that the Court found wanting of the required specificity to meet the moving party's burden.  *Id*.  In the instant case, BigCommerce has failed to offer even such a vague description of the location of physical evidence that was denied in *Intellectual Ventures II*.

Moreover, to the extent that BigCommerce is in possession of relevant physical documents that are incapable of electronic transportation, Diem believes that it is likely that BigCommerce maintains a large portion of these documents within the state of Texas, at its Austin headquarters.  In his declaration, the general counsel for BigCommerce, Jeff Mengoli, confirmed that Austin and San Francisco are the only locations in the U.S. in which BigCommerce maintains a place of business.  Mengoli Decl., ¶3.  However, BigCommerce did not open its office in San Francisco until early 2014 – some four or five years after establishing

4

its headquarters in Austin, Texas. *See* Ex. A (*Financial Review* article dated Mar 20, 2014 detailing BigCommerce's recent opening of an office in San Francisco). Given that BigCommerce introduced the first version of its web service in August 2009, evidence regarding BigCommerce's development, marketing, finances, etc. relating to its web service are relevant to this case and predate the opening of BigCommerce's San Francisco office. *See* Ex. B (*One Million by One Million* blog article stating that the first version og BigCommerce's software was released in August 2009). From 2009 to 2014, Diem believes that BigCommerce had one place of business in the U.S.: Austin. Thus, for any documents from 2009 to 2014 that are relevant to the case yet incapable of being electronically transported, the burden associated with physically moving such documents is lessened when the destination is halfway across the state (to EDTX) instead of across the country (to NDCA).

Finally, given the nature of BigCommerce as a web-based software provider, Diem believes that the majority of relevant evidence in BigCommerce's possession is capable of being accessed and transferred over the Internet. If this is the case, then there is no perceivable benefit in having the case in NDCA over EDTX as the burden for accessing such evidence is identical regardless of the forum. *See* Order denying Mot. to Transfer at 7, *Uniloc USA, Inc. at al v. Samsung Electronics America, Inc.*, No. 2:16-cv-00642-JRG, ECF No. 216 (E.D. Tex. Apr. 16, 2017) (rejecting Defendants' claim that documents "accessible from" California would be difficult to make available in Texas).

On balance, this factor weighs against transfer.

### 2. *Concentration of non-party witnesses and availability of compulsory process.*

Given the nature of this factor's focus on non-party witnesses, BigCommerce scrambles to conjure up any potential witnesses that may or may not become tangentially relevant to the

5

instant case. Instead of identifying non-party witnesses that are certainly relevant to patent infringement matters (e.g., former employees of a party, named inventor(s), prosecuting attorney(s), employees at companies related to a named party), BigCommerce lists a series of authors of prior art references and passes them off as "witnesses" within the subpoena power of NDCA. Mot. at 4. Further, BigCommerce fails to identify prior art references or witnesses on which it plans to rely with precision. This falls woefully short of meeting its burden of showing that NDCA is a more convenient forum for non-party witnesses because these authors have tangential relevance at best and will likely have no role in the case absent extraordinary circumstances.

This Court has often looked at the importance a particular witness will have when deciding whether a transferee forum's subpoena power favors transfer. *See* Order denying Mot. to Transfer at 6, *Actavis Laboratories UT, Inc. v. UCB, Inc.*, No. 2:15-cv-01001-JRG-RSP, ECF No. 126 (E.D. Tex. Nov. 2, 2016); *see also Realtime Data L.L.C. v. Dropbox, Inc.*, No. 6:15-cv-465-RWS-JDL, 2016 WL 153860, at *7 (E.D. Tex. Jan. 12, 2016) ("In order for the Court to meaningfully assess the weight that should be attached to a third party witness, it is incumbent upon the advancing party to demonstrate the likelihood of that witness actually testifying at trial…"). In *Rembrandt Patent Innovations, LLC v. Apple, Inc.*, this Court discounted the relevance of testimony from a prosecuting attorney, claiming that the "Court is skeptical of the notion that these witnesses will play an important role in the case." No. 2:14-cv-0015-JRG, 2014 WL 3835421, at *2 (E.D. Tex. Aug. 1, 2014). Needless to say, the testimony of a prosecuting attorney will assuredly be more relevant to a patent infringement case than the testimony of a single author for a single piece of prior art. *See PersonalWeb Techs., LLC v. NEC Corp. of Am.*,

*Inc.*, 2013 U.S. Dist. LEXIS 46296, at *32 n. 13 (E.D. Tex. Mar. 21, 2013) ("In this Court's experience, inventors of prior art rarely, if ever, actually testify at trial.").

Beyond the lack of relevance for the testimony of prior art authors, the Court should decline to consider the location of these purported "witnesses" so as not to encourage patent infringement defendants to pick and choose prior art references based on the location of the authors instead of the prior art's substantive content. Were it enough to warrant transfer by identifying potential prior art authors near the transferee forum, future patent infringement defendants could bolster their chances for transfer merely by disclosing prior art that is devoid of merit but authored by at least one person who lives in the desired forum. Limiting this factor's consideration to non-party witnesses who are likely to testify on relevant subjects avoids this gamesmanship. Moreover, BigCommerce neglects to address how it would be prejudiced by its presenting deposition testimony from these prior art authors in lieu of live testimony.

As noted in BigCommerce's Motion, Diem identified the named inventor and the prosecuting attorney as third party witnesses that may have relevant testimony. Mot. at 3. With the inventor living in India and the prosecuting attorney living in New Jersey, neither forum provides the benefit of compulsory process for third party witnesses.

On balance, this factor is neutral.

### 3. *The cost of attendance for willing witnesses.*

In concluding that this factor weighs in favor of transfer, BigCommerce analyzes the travel itineraries for two groups of purported witnesses: (1) prior art authors residing in Northern California and (2) BigCommerce employees in its San Francisco office.

As explained above in private interest factor two, BigCommerce's reliance on the inconvenience for prior art authors posed by the forum fails because such "witnesses" are

exceedingly unlikely to testify at trial. Also, this factor examines the attendance for ***willing*** witnesses; BigCommerce fails to explain why these myriad prior art authors are "willing" or could not give testimony by deposition. *See* Order denying Mot. to Transfer at 12, *Smartflash LLC v. Google, Inc.*, No. 6:14-cv-435-JRG-KNM, ECF No. 138 (E.D. Tex. Apr. 6, 2015) ("[Defendant] does not identify any particular non-party witnesses expected to testify, let alone any who would be willing.").

The balance of witnesses identified by BigCommerce in its Motion consists of BigCommerce employees based in its San Francisco office. This Court has adopted Fifth Circuit venue law which states that, when examining the cost of attendance for willing witnesses, "the convenience of *party* witnesses is given little weight." Order denying Mot. to Transfer at 10-11, *Uniloc USA, Inc. at al v. Samsung Electronics America, Inc.*, No. 2:16-cv-00642-JRG, ECF No. 216 (E.D. Tex. Apr. 16, 2017)[2]. Thus, BigCommerce's elaborate itineraries detailing the travel difficulties associated with flying its employees to EDTX is to be given little weight, if any.

Diem further notes that BigCommerce takes liberty when relying on the declaration of Jeff Mengoli in declaring that the "overwhelming majority of BigCommerce's potential technical product, engineering, and marketing witnesses are located in San Francisco." Mot. at 5. The Mengoli declaration states that senior technical executives who make key decisions all work in the San Francisco office and that the majority of those who directly report to them are also in the

---

[2] In its Order, the Court cites similar opinions from other District Courts in the Fifth Circuit: *ADS Sec. L.P. v. Advanced Detection Sec. Servs., Inc.*, No. A-09-CA-773-LY, 2010 WL 1170976, at *$ (W.D. Tex. Mar. 23, 2010) ("[I]t is unclear whether Defendant is contending that the transfer would be more convenient for non-party witnesses or merely for their own employee witnesses. If the Defendant is referring to employee witnesses, then their convenience would be entitled little weight."); *Vassallo v. Goodman Networks, Inc.*, No. 5:14-cv-743-DAE, 2015 WL 502313, at *4 (W.D. Tex. Feb. 5, 2015) (noting that the convenience of non-party witnesses is given more weight in the transfer analysis than the convenience of party witnesses); *Summit 6 LLC v. HTC Corp.*, No. 7:14-cv-0014-O, 2014 WL 4449821, at *7 (N.D. Tex. Sept, 109, 2014) (same).

San Francisco office. Mengoli Decl., ¶¶ 4-7. While this grouping may be helpful in identifying potential 30(b)(6) witnesses to testify on behalf of BigCommerce, it does not represent the entire universe of party witnesses that may testify at trial. Given that BigCommerce's website lists its Austin office as being "primarily dedicated to Engineering and Product teams working to solve some of our customers' most complex problems," Diem anticipates that a number of relevant party witnesses reside in the Austin area, which is a manageable drive from EDTX. *See* Ex. C (screenshot of BigCommerce's website detailing the technical nature of its Austin office).

Thus, while forum convenience for party witnesses is afforded little weight, any such weight is neutralized by the fact that some party witnesses will likely be required to travel due to BigCommerce's having offices in both Texas and California. This is the nature of being a party witness; as this Court has noted, "their personal convenience is trumped by the decisions of their party employer." Order denying Mot. to Transfer at 9, *SLC LLC v. Apple, Inc., et al.*, No. 2:16-cv-0082-JRG, ECF No. 128 (E.D. Tex. Feb. 6, 2017). On balance, this factor is neutral.

### 4. *Delay or prejudice caused by transfer.*

Diem disagrees with BigCommerce's sweeping conclusion that no practical problems with transfer exist due to this case being in its infancy. Mot. at 6. To the contrary, the Parties have been working on claim construction for months with opening claim construction briefs due on December 28, 2017. Given that *Markman* proceedings often help parties decide the merits of their claims, to transfer the case now would be to restart the claim construction process and further delay this case which is already eight months old.

Additionally, BigCommerce's statement that "no discovery requests have been served by Plaintiff" deserves context. Mot. at 7. Paragraph 3(b) of the Discovery Order entered into this case imposes an ongoing requirement to "produce or permit inspection of documents,

9

electronically stored information, and tangible things … that are relevant to the pleaded claims or defenses …" and that this requirement is to "obviate the need for requests for production." Discovery Order at 2-3, ECF No. 28. While it is true that Diem has not made any requests in the form of interrogatories or requests for admission, this is because Diem has yet to receive a single document from BigCommerce despite the Court's December 28, 2017 deadline for the parties to substantially complete document production. Because BigCommerce's Answer to Diem's First Amended Complaint lists affirmative defenses of noninfringement, invalidity, and improper venue, Diem has produced all documents in its possession relevant to BigCommerce's defenses. Answer at 5-6, ECF No. 31. Thus, BigCommerce's reliance on the lack of discovery to date is a result of its own dilatory practices and should not be considered as a factor favoring transfer to NDCA.

On balance, this factor weighs against transfer.

### B. The Public Interest Factors Do Not Favor Transfer

#### 1. *The administrative Difficulties Flowing From Court Congestion.*

BigCommerce offers no arguments regarding this factor aside from citations to cases followed by an acknowledgement that both forums have adopted patent rules. Diem argues that the presence of patent rules speaks more to the forums' familiarity with patent law and has no relevance to this factor.

Contrary to BigCommerce's insinuation, this Court, post-*Genentech*, has considered EDTX's quicker average time to trial than NDCA to be relevant in its transfer analysis. *See* Order denying Mot. to Transfer at 13, *Uniloc USA, Inc. et al v. Google, Inc.*, No. 2:16-cv-00566-JRG, ECF No. 75 (E.D.Tex. May 15, 2017) (factor weighs slightly against transfer due to median time to trial being "several months faster than the Northern District of California"); Order denying Mot. to Transfer at 11, *ContentGuard Holdings, Inc. v. Google, Inc.*, No. 2:14-cv-

00061, ECF No. 38 (E.D. Tex. Apr. 16, 2014) ("The six-month difference in median time, though not substantial, is not negligible.").

Although this is the most speculative factor, the Court's October 2018 trial date for this case is not speculative. A transfer to a new forum will in no way move up the current trial date and can only cause further delay. Accordingly, this factor weighs against transfer.

### 2. *This District's local interest in deciding this dispute.*

Similar to the private factors focusing on witness convenience, BigCommerce relies on the presence of (1) prior art authors in Northern California and (2) BigCommerce employees working in San Francisco, as the nexus to NDCA warranting transfer. This focus on witness location is misplaced as this is a *public* factor that does not look to the effect the forum has on individuals.

BigCommerce conveniently downplays its presence in Texas and ignores the fact that it likely had employees responsible for "development, deployment, and maintenance of the accused product" for some five years prior to opening its San Francisco office. Opening a new office and moving executives to the new office does not erase the fact that BigCommerce likely conducted relevant activities in Texas regarding the accused product within the damages period for the instant case. *See* Order denying Mot. to Dismiss at 11, *SLC LLC v. Apple, Inc., et al.*, No. 2:16-cv-0082-JRG, ECF No. 128 (E.D. Tex. Feb. 6, 2017) (finding this factor neutral since the code at issue was first developed in Texas, resulting in "both districts and states implicated hav[ing] a similar interest in the case").

On balance, this factor is neutral.

### 3. *Administrative difficulties resulting from court congestion.*

Both parties agree this factor is neutral.

### 4. *Familiarity with governing law and conflicts of law issues.*

Both parties agree this factor is neutral.

## IV. CONCLUSION

For the foregoing reasons, Diem respectfully requests that the Court deny BigCommerce's motion to transfer venue.

Dated: November 21, 2017             Respectfully submitted,

*/s/ Brett Rismiller*
Brett Rismiller
CA State Bar No. 295634
*Admitted Pro Hac Vice*
**HUSKY FINCH**
5640 B Telegraph Rd., Suite 209
St. Louis, MO 63129
Tel: (314) 329-7796
Email: brett.rismiller@huskyfinch.com

Kirby Drake
Texas State Bar No. 24036502
**KLEMCHUK LLP**
Campbell Centre II
8150 North Central Expressway, Fl. 10
Dallas, TX 75206
Tel: (214) 367-6000
Email: kirby.drake@klemchuk.com

**ATTORNEYS FOR THE PLAINTIFF**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on November 21, 2017, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).

*/s/ Brett Rismiller*
Brett Rismiller