# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **DIEM LLC,** | § | |
| | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 6:17-CV-00186-JRG |
| | § | |
| | § | |
| v. | § | |
| | § | |
| **BIGCOMMERCE, INC.,** | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant BigCommerce, Inc.'s ("BigCommerce") Motion to Transfer Venue Pursuant to 28 U.S.C. §1404(a). (Doc. No. 48.) Plaintiff Diem LLC ("Diem") filed a response (Doc. No. 50) to which BigCommerce has filed a reply (Doc. No. 51). After considering the parties' arguments, the Court **DENIES** BigCommerce's Motion to Transfer Venue (Doc. No. 48).

## BACKGROUND

On March 27, 2017, Diem filed this action against Defendant BigCommerce alleging infringement of United States Patent No. 7,770,122 ("the '122 Patent"). (Doc. No. 1.) On April 13, 2017, BigCommerce filed a Motion to Dismiss for Failure to State a Claim for Relief pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Doc. No. 7.) The Court reviewed the briefing and ultimately ordered Diem to file an Amended Complaint consistent with the pleading requirements of Rule 8 on May 11, 2017. (Doc. No. 12.) On May 26, 2017, Diem filed its First Amended Complaint. (Doc. No. 13.) Five days later, BigCommerce filed a second Motion to Dismiss the allegations, this time citing improper venue pursuant to Rule 12(b)(3). (Doc. No.

14.) On July 6, 2017, the undersigned issued a Report and Recommendation recommending that the Motion to Dismiss for improper venue be denied (Doc. No. 21), and on July 26, 2017, District Judge Rodney Gilstrap resolved BigCommerce's objections and issued an Order Adopting, denying BigCommerce's Motion to Dismiss (Doc. No. 24). At that same time, the Court held its scheduling conference pursuant to Rule 16(b) and thereafter entered a scheduling order, a discovery order, and a protective order in this case. (Doc. Nos. 28, 29, 35.) Thereafter, on August 16, 2017, BigCommerce filed a letter brief requesting an early claim construction hearing, arguing that construction of certain claim terms in the only asserted claim of the '122 Patent are dispositive of infringement under Diem's infringement theory. (Doc. No. 36-1.) The Court considered the letter briefing and ultimately denied BigCommerce's request for an early claim construction hearing. (Doc No. 44.) Nearly two months later, and almost 8 months from the filing of the original complaint, on November 7, 2017, BigCommerce filed the instant motion to transfer venue to the Northern District of California based upon convenience. (Doc. No. 48.)

## LEGAL STANDARD

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The goals of § 1404(a) are to prevent waste of time, energy, and money, and also to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Ultimately it is within a district court's sound discretion to transfer venue pursuant to 28 U.S.C. § 1404(a), but the court must exercise its discretion in light of the particular circumstances of the case. *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000). The party seeking transfer must show good

cause for the transfer. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*"). To show good cause, the moving party must demonstrate the transferee venue is clearly more convenient. *Id.*

When deciding whether to transfer venue, a district court balances the private interests of the parties and the public interests in the fair and efficient administration of justice. The private interest factors the court considers are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict laws or in the application of foreign law. *Id.*

## DISCUSSION

The threshold issue in a § 1404(a) analysis is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *Volkswagen I,* 371 F.3d at 203. In a patent infringement action, venue is proper in "the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). In this case, Diem does not contest that venue would be proper in the Northern District of California and transfer is permissible under § 1404.

**I.     The Private Interest Factors**

*(a) The Relative Ease of Access to Sources of Proof*

For this factor to weigh in favor of transfer, the movant must demonstrate that transfer will result in more convenient access to sources of proof. The Federal Circuit requires the Court to assume that the bulk of all relevant evidence will come from the accused infringer. *In re Genentech,* 566 F.3d 1338, 1345 (Fed. Cir. 2009). As a result, "the place where the defendant's documents are kept weighs in favor of transfer to that location." *Id.* (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 330 (E.D.N.Y. 2006)). To meet its burden, Defendants must identify their sources of proof with some specificity such that the Court may determine whether transfer will increase the convenience of the parties. *In re Apple,* 743 F.3d 1377, 1379 (Fed. Cir. 2014); *see also Invitrogen v. Gen. Elec. Co.,* No. 6:08–CV–113, 2009 WL 331889 at *3 (E.D. Tex. Feb. 9, 2009) (finding that general statements that relevant documents were located in either England or New Jersey "fail to show that transfer would make access to sources of proof either more or less convenient for the parties").

BigCommerce is a Texas corporation with its principal place of business in Austin, Texas. (Doc. No. 13, at ¶ 2; Doc. No. 31, at ¶ 2.) BigCommerce identifies its only places of business in the United States in Austin, Texas and San Francisco, California. (Doc. No. 48-1, at ¶3, Declaration of Jeff Mengoli ("Mengoli Decl.").) Through its declarations, BigCommerce maintains that five of its senior technical executives are located in its San Francisco office; that fourteen additional employees who report to the senior executives work in San Francisco, with five reporting employees in Sydney and two in Austin, Texas; and that its Chief Marketing Officer and Senior Vice President of Corporate Development are also located in its San Francisco office. *Id.* at ¶¶ 4–7. BigCommerce further states that is corporate and finance leadership is in its Austin, Texas headquarters. *Id.* at ¶ 8.

As to the location of its relevant documents, BigCommerce is silent. BigCommerce only contends that the parties agreed that its source code would be produced in San Francisco, but is silent as to where its technical documents are physically stored. (Doc. No. 48, at 4.) BigCommerce's silence is concerning given that its headquarters are in Austin, Texas. *See Innovative Automation, LLC v. Audio Video & Video Labs, Inc.*, No. 6:11-CV-234 LED-JDL, 2012 WL 10816848, at *5 (E.D. Tex. May 30, 2012) ("[t]ypically, a party's documents are located at its principal place of business.") (citing *In re Acer Amer. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)). Moreover, as this Court has previously held, a failure to identify documents with specificity as to the documents and the location of the documents is a failure of the moving party to meet its burden on transfer. *U.S. Ethernet Innovations, LLC v. Konica Minolta Bus. Sols. Inc.*, No. 6:12-CV-329 MHS-JDL, 2013 WL 12139091, at *3 (E.D. Tex. Mar. 28, 2013) (…the failure to adequately identify the location of relevant documents…precludes the Court from weighing this factor in its convenience analysis"); *Core Wireless Licensing, S.A.R.L. v. Apple, Inc.*, No. 6:12-CV-100 LED-JDL, 2013 WL 682849, at *3 (E.D. Tex. Feb. 22, 2013) (finding defendant's "vague assertions and seemingly unknown relevance and location of potential sources" insufficient) *aff'd In re Apple Inc.*, 743 F.3d at 1379 ("we will not overturn the court's conclusion that Apple failed to submit sufficient evidence to suggest that transfer was appropriate."). Diem contends this failure is significant because BigCommerce's San Francisco office did not open until 2014 and that therefore relevant documents created between 2009 and 2014 related to BigCommerce's development, marketing, and finances of its web service predate the opening of the San Francisco office. (Doc. No. 50, at 5.)

Similarly, while BigCommerce identifies several employees, including technical executives in the San Francisco office, BigCommerce fails to identify the relevance of these

individuals to this litigation. BigCommerce generally identifies the job responsibilities of seven of the specifically identified executives, but does not identify what specific knowledge each of these individuals have with respect to this litigation. Mengoli Decl. at ¶¶ 4, 7. At the same time, BigCommerce identifies two unnamed employees in the Austin office and generically asserts its "corporate and finance leadership is in [] Austin, Texas." *Id.* at ¶¶ 6, 8. Again, these vague assertions are of little help to the Court in weighing the convenience of transfer based on the location of sources of proof. *See Realtime Data, LLC v. Rackspace US, Inc*., No. 6:16-CV-00961, 2017 WL 772653, at *10 (E.D. Tex. Feb. 28, 2017) ("In order for the Court to properly analyze convenience, specific witnesses should be identified with, at a minimum, a general statement providing the expected relevant and material information to the litigation at hand.") (citing *Adaptix, Inc. v. Verizon Wireless*, No. 6:15-cv-00045, Doc. No. 32, at *11 (E.D. Tex. Aug. 12, 2015) ("To hold a movant to a lesser standard would simply encourage the naming of individuals within a corporation based solely on where they reside rather than their connection and relevant knowledge pertaining to a particular litigation.").)

Ultimately, the Court finds the vague assertions with respect to the location of sources of proof, including an absence of information on any sources of proof located at BigCommerce's principal place of business, impedes the Court's ability to properly weigh this factor, rendering any convenience analysis purely speculative. The Court declines to speculate as to the location of sources of proof.

*(b) The Availability of the Compulsory Process to Secure the Attendance of Witnesses*

The second private interest factor instructs the Court to consider the availability of compulsory process to secure the attendance of witnesses, particularly non-party witnesses whose attendance may need to be secured by a court order. *See In re Volkswagen II*, 545 F.3d at

316. The Court gives more weight to those specifically identified witnesses and affords less weight to vague assertions that witnesses are likely located in a particular forum. *See Novelpoint Learning v. Leapfrog Enter.*, No 6:10-cv-229, 2010 WL 5068146, at *6 (E.D. Tex. Dec. 6, 2010) (stating that the Court will not base its conclusion on unidentified witnesses); *See also West Coast Trends, Inc. v. Ogio Int'l, Inc.*, No. 6:10-cv-688, 2011 WL 5117850, at *3 (E.D. Tex. Oct. 27, 2011).

BigCommerce identifies seven prior art reference authors and contends that they would be subject to a subpoena for trial in the Northern District of California because they are located within 100 miles of that venue. (Doc. No. 48, at 5.) Diem questions the relevance of the testimony of these prior art authors and identifies the inventor of the '122 Patent who lives in India, as well as the prosecuting attorney who lives in New Jersey. (Doc. No. 50, at 7.)

Thus, the only third parties identified in either forum are the prior art authors located in the Northern District of California identified by BigCommerce. But again, BigCommerce does nothing more than identify these individuals as prior art authors and fails to provide the materiality or relevance of the testimony of these individuals to BigCommerce's defense of this litigation, or whether, on a good faith basis, BigCommerce intends to call them to trial. This Court previously emphasized the problems with failing to provide this relevant information when moving to transfer venue:

> [W]hen parties simply name third-party witnesses subject to the subpoena power of a particular court without identifying the nature of the testimony or asserting, on a good faith basis, whether a party intends to depose or call a witness to trial, analysis of this factor is a futile and pointless exercise. At a minimum, in order to allow the Court to properly weigh this factor, litigants should not only specifically identify potential unwilling witnesses, but also should identify the relevancy and materiality of the information such witnesses would provide and therefore the foreseeability that a particular witness would be deposed, called to trial, or both. This identification enables the Court to give proper weight to each witness and analyze whether a particular witness is actually subject to a particular court's

7

subpoena power. Indeed, the bounds of such power is not the same for both commanding a witness to trial and deposition. See Fed. R. Civ. P. 45(c)(1)(A)-(B).

*Adaptix, Inc. v. Cellco Partnership*, No. 6:15-cv-45 (E.D. Tex. Aug. 12, 2015) (Doc. No. 32, at 7.); *see also Adaptix, Inc.*, No. 6:15-cv-00045, at *8 ("[W]ithout even indicating on a good faith basis that a party intends to call a prior art witness to trial, it allows litigants to cherry-pick third parties who happen to have an invention in the relevant art and are located in the litigant's preferred district in order to sway the convenience analysis."). Moreover, in this Court's experience, "inventors of prior art rarely, if ever, actually testify at trial." *PersonalWeb Techs. LLC v. NEC Corp. of Am., Inc.*, No. 6:11-cv-655, 2013 WL 9600333, at *8 n.13 (E.D. Tex. Mar. 21, 2013).

The Court is not persuaded that BigCommerce intends on a good faith basis to depose these individuals, let alone have them testify at trial, particularly where their connection to this litigation has not been clearly identified. *See id.* BigCommerce's identified prior art inventors are thus entitled to little, if any, weight in this analysis. Similarly, the inventor of the '122 Patent located in India and the prosecuting attorney in New Jersey do not weigh in favor of or against transfer. For these reasons, the Court finds this factor neutral.

*(c) The Cost of Attendance for Willing Witnesses*

In analyzing this factor, all parties and witnesses must be considered. *Volkswagen I*, 371 F.3d at 204. "Because it generally becomes more inconvenient and costly for witnesses to attend trial the further they are away from home, the Fifth Circuit established in *Volkswagen I* a '100-mile' rule, which requires that '[w]hen the distance between an existing venue for trial of a matter and a proposed venue under §1404(a) is more than 100 miles, the factor of inconvenience

to witnesses increases in direct relationship to the additional distance to be traveled.'" *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (citations omitted).

BigCommerce again points to its employees in the San Francisco office as well as the prior art authors to argue that these witnesses would be substantially inconvenienced by a trial in this District. (Doc. No. 48, at 6.) Diem argues that because BigCommerce's Austin headquarters is listed as "primarily dedicated to Engineering and Product teams working to solve some of [its] customers' most complex problems," it anticipates that a number of relevant party witnesses reside in the Austin area, which is much closer to this District. (Doc. No. 50, at 9.)

Again, as discussed herein, the vague assertions with respect to these witnesses are insufficient to weigh the convenience for trial. Moreover, BigCommerce devotes a significant portion of its briefing to the fact that the substantial inconvenience of these witnesses would result from having to travel approximately "1600 miles on two separate flights followed by a lengthy drive" to get to Marshall, Texas. (Doc. No. 48, at 7.) BigCommerce apparently fails to realize that its case is pending in **Tyler, Texas**, which is where trial in this matter will be held. Thus, BigCommerce's complaint that the nearest airport is "nearly 35 miles from Marshall" is irrelevant. *Id.* Contrary to BigCommerce's complaint, there is an airport in Tyler, Texas that services American Airlines. For these reasons, the Court finds this factor does not weigh in favor of transfer.

*(d) Other Practical Problems*

BigCommerce argues that there are no practical problems that exist and that would deter this Court from transferring this case to the Northern District of California because this case is in its infancy. (Doc. No. 48, at 7.) Diem disagrees that this case is in its infancy and cites to ongoing *Markman* and discovery proceedings that weigh against transfer. (Doc. No. 50, at 9–10.)

9

Typically, the Court recognizes those benefits that were apparent at the time the instant action was filed. *See In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013) ("a district court may properly consider any judicial economy benefits which would have been apparent at the time the suit was filed"). However, in this instance, the unique procedure of this case and significant delay in the filing of this motion must be considered in the transfer analysis. *See, e.g., In re Hughes Networks Systems, LLC,* No. 2017-130, at 3 (Fed. Cir. July 24, 2017) (finding, with respect to § 1404, no clear abuse of discretion on the part of the district court in denying transfer where there was a significant delay in moving for a transfer)*; Godo Kaisha IP Bridge 1 v. Broadcom Lmtd.,* 2017 WL 750290 at *7–9 (E.D. Tex. Feb. 27, 2017) (denying motion to transfer venue because defendant's failure to request a transfer sixth months after the complaint was filed and only a week before completion of document discovery was not reasonably prompt)*; Ross Neely Sys., Inc. v. Navistar, Inc*., No. 3:13-CV-1587-M-BN, 2015 WL 1822837, at *9 (N.D. Tex. Apr. 22, 2015), objections overruled, No. 3:13-CV-1587-M, 2015 WL 12916404 (N.D. Tex. May 15, 2015) (finding Plaintiff's failure to move to transfer with reasonable promptness weighs against granting its Section 1404(a) transfer motion"); *Novartis Vaccines and Diagnostics, Inc. v. Wyeth, et al*., No. 2:08-CV-67, Docket No. 138, 2010 WL 1374806 (E.D. Tex. March 31, 2010), *aff'd* 406 F. App'x 475 (Fed. Cir. 2010) (holding that the interests of justice weighed heavily against transfer where the defendant waited sixteen months to file its transfer motion); *see also Core Wireless Licensing S.A.R.L. v. LG Elecs. Inc.*, No. 2:14-CV-912-JRG-RSP, 2016 WL 4265034, at *9 (E.D. Tex. Aug. 12, 2016) (finding that defendants who waited nearly seven months to file their motion to transfer weighed against transfer).

Here, BigCommerce waited nearly 8 months to file its motion to transfer. Such a delay is not insignificant, particularly where BigCommerce filed a series of substantive motions to which

this Court devoted substantial resources prior to the filing of its motion to transfer. Indeed, this Court fully considered the sufficiency of allegations in the complaint challenged on 12(b)(6), whether venue was proper under 28 U.S.C. § 1400(b), an opposed motion for leave to serve invalidity contentions out of time, and the merits of whether to conduct an early claim construction hearing. (Doc. Nos. 12, 21, 24, 43, 44). All of these motions were brought by BigCommerce and fully resolved prior to the filing of the instant motion to transfer based on convenience. *Id.* Notably, in arguing that venue was improper in this District in May of 2017, BigCommerce never argued or even suggested that venue was inconvenient in this District. (Doc. No. 14.) It was only after the improper venue motion was denied and the Court set a trial schedule in this matter that BigCommerce raised transfer on the basis of convenience. This case is currently in discovery, *Markman* briefing is underway, and is set for trial in approximately 10 months. Transferring this case to the Northern District of California would result in a delay in the already established schedule for this case. The significant expenditure of party and judicial resources based upon BigCommerce's selective filing and significant delay in bringing this motion weighs against transfer.

## II.    The Public Interest Factors

The parties agree that the public interest factors are neutral, aside from the administrative difficulties flowing from court congestion and local interest considerations.

*(a) The Administrative Difficulties Flowing From Court Congestion*

This factor is the most speculative, and cannot alone outweigh other factors. *Genentech*, 566 F.3d at 1347. However, the speed with which a case may get to trial is relevant under the § 1404(a) analysis. *Id.* BigCommerce contends this factor is neutral because both courts have local patent rules to streamline patent cases. (Doc. No. 48, at 7.) Diem argues that, in this case,

because the Court's trial date is set for October 2018, the consideration of time to trial is not speculative. (Doc. No. 50, at 11.) As this Court previously stated, while generally the Court finds this factor to be speculative in nature, in this instance, the fact that this Court has set a firm trial date (which was set several months before BigCommerce moved to transfer) is instructive. Because trial in this matter was set merely 11 months from the time BigCommerce filed its motion to transfer, BigCommerce inevitably knew that a transfer of this case at that point in time would significantly delay the resolution of this case. As such, the Court finds this factor weighs slightly against transfer.

*(b) The Local Interest in Having Localized Interests Decided at Home*

BigCommerce maintains that the Northern District of California has a local interest in adjudicating this dispute "because key prior art witnesses reside there, and because the key BigCommerce employees for development, deployment, and maintenance of the accused product reside there." (Doc. No. 48, at 8.) This is the extent of BigCommerce's argument on the local interest and BigCommerce does not actually argue that such an interest weighs in favor of transfer. *Id.* This conclusory argument fails to establish that this factor weighs in favor of transfer. On balance, this factor is neutral.

*(c) The Remaining Public Interest Factors*

The remaining public interest factors are neutral. Both courts are familiar with federal patent law and there are no conflicts to avoid.

## CONCLUSION

Ultimately, BigCommerce has failed to show that the Northern District of California is a clearly more convenient forum. *See In re Apple Inc.*, 456 F. App'x 907, 909 (Fed. Cir. 2012) ("What is more, measured against cases like *Volkswagen*, *TS Tech*, *Genentech,* and *Acer,* there is

a plausible argument that [defendant] did not meet its burden of demonstrating below that the transferee venue is "clearly more convenient."). This Court has previously emphasized the important burden placed on defendants as the movants in transfer motions. *See Core Wireless,* 2013 WL 682849, at *2 ("The clearly more convenient standard 'places a significant burden on [defendants] to show good cause for transfer;' a burden that this Court does not take lightly"); *Cherokee Hard Drive Technologies, LLC v. Bass Computers, Inc.,* No. 2:10–cv–216, 2012 WL 462956, at *5 (E.D. Tex. Feb.13, 2012); *Texas Data Co., LLC v. Target Brands, Inc.,* 771 F.Supp.2d 630, 638 (E.D. Tex. 2011). Here, BigCommerce's failure to sufficiently identify relevant sources of proof and considerations of convenience impeded the Court's ability to properly weigh the relevant factors, and ultimately resulted in a failure to demonstrate the Northern District of California was a clearly more convenient forum. Moreover, on the factors the Court was able to weigh, none of the factors weighed in favor of transfer. Accordingly, the Court **DENIES** BigCommerce's motion to transfer (Doc. No. 48).

**So ORDERED and SIGNED this 28th day of December, 2017.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE